UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60697-CIV-COHN/SELTZER

KINDRED HOSPITALS EAST, L.L.C.
d/b/a KINDRED HOSPITAL -
SOUTH FLORIDA - FORT LAUDERDALE,

    Plaintiff,

v.

PH011052 CONTRACTORS & MERCHANTS
and
SPENCER & ASSOCIATES, L.L.C.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Spencer & Associates, LLC's Motion to Dismiss [DE 25]. The Court has carefully considered the First Amended Complaint for Damages [19] ("Amended Complaint"), the Motion to Dismiss, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [DE 28] ("Opposition"), Defendant's Reply to the Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss [DE 29] ("Reply"), and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Kindred Hospitals East, L.L.C., d/b/a Kindred Hospital-South Florida - Ft. Lauderdale ("Plaintiff") is a healthcare provider within the Beech Street Corporation healthcare network. Defendant Spencer & Associates, LLC ("Defendant") is a third-party administrator within the Beech Street Corporation healthcare network. Plaintiff

provided healthcare services to a patient ("Patient").  The Patient "was covered by a healthcare policy, plan, agreement, or other such contract document offered, sponsored or administered" by Defendant ("the Insurance Contract").  Amended Complaint ¶ 8.  After providing healthcare services to Patient, Plaintiff submitted a claim for $231,405.00 to Defendant.[1]

Defendant has not paid Plaintiff.  Consequently, Plaintiff filed a sole count, a breach of contract, action against the Defendant.  Defendant asserts that Plaintiff cannot sustain a breach of contract claim because the Amended Complaint does not allege the existence of a contract between Plaintiff and Defendant.

## II. DISCUSSION

### A. Motion to Dismiss Standard

The Court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's

---

[1] The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556 (citation omitted).

In light of these standards, the Court will determine whether Plaintiff's Amended Complaint alleges facts sufficient to state a claim for breach of contract and thereby survive Defendant's Motion to Dismiss.

**B. Plaintiff's Amended Complaint States a Claim for Breach of Contract.**

The Amended Complaint alleges that Defendant contracted to provide health insurance coverage to Patient. Amended Complaint ¶ 47. The Amended Complaint further alleges that the Admission Agreement between Plaintiff and Patient contained an assignment of benefits. Id. ¶ 16. Plaintiff also attached the Admission Agreement as an exhibit to the Amended Complaint. See Amended Complaint, Exhibit 3. The Admission Agreement contains a section labeled "ASSIGNMENT OF INSURANCE OR HEALTH PLAN BENEFITS" and indicates that Patient authorized "direct payment to [Plaintiff] of any insurance or health plan benefits otherwise payable to the [Patient]." Id. at 3. Thus, the Court finds that Patient assigned to Plaintiff his rights under the Insurance Contract.

"[A]n unqualified assignment transfers to the assignee all the interests of the assignor in and to the thing assigned." University Creek Assocs., II, Ltd. v. Boston Am. Fin. Group, Inc., 100 F. Supp. 2d 1337, 1341 (S.D. Fla. 1998) (quoting State v. Family Bank of Hallandale, 667 So. 2d 257 (Fla. 1st DCA 1995)); see also In re Managed Care

3

Litig., 298 F. Supp. 2d 1259, 1290 (S.D. Fla. 2003) (finding health care providers who obtained an assignment from insured could sustain breach of contract action); Indiana Ins. Co. v. Miguelarcaina, 648 So. 2d 821 (Fla. 3d DCA 1995) (affirming grant of summary judgment in favor of insured's assignee in breach of contract claim).  Thus, Defendant's argument that Plaintiff did not allege the existence of a contract between Plaintiff and Defendant is irrelevant.  Even if the Amended Complaint does not allege that Plaintiff had a contract with Defendant, Plaintiff has stated a breach of contract claim on which relief can be granted because Plaintiff alleged the following: 1) Patient entered into the Insurance Contract with Defendant; and 2) Patient assigned rights under the Insurance Contract to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 25] is **DENIED**.  Defendant shall file an answer by September 4, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 24th day of August, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to all counsel of record.